IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHIRLEY HUDSON, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. CV-01-TMP-1958-S ) |
| HOLIDAY INNS, INC., AAZ BIRMINGHAM LIMITED PARTNERSHIP, | ) ) ) ) ) |
| Defendants. | ) ) |

**ENTERED**
**JAN 1 3 2003**

MEMORANDUM OPINION

This cause is before the court on two motions: the motion by defendant Holiday Inns, Inc., ("HII") for summary judgment and the motion by defendant AAZ Birmingham Limited Partnership ("AAZ") to dismiss. On September 19 and October 18, 2002, the court entered orders scheduling these respective motions for briefing by the parties, all of which have now been filed. The parties consented to the exercise of final judgment authority by the undersigned pursuant to 28 U.S.C. § 636(c). (Document No. 5).

Background

Plaintiff filed her complaint in the Circuit Court of Jefferson County, Alabama, on June 4, 2001, naming HII as a defendant, along with several unnamed fictitious defendants. In it, she alleged that, on July 3, 1999, she fell and injured her knee at the Holiday Inn Express on Crestwood Boulevard in Birmingham, Alabama, and that the defendant, as the owner and/or operator of the inn negligently failed to maintain a walkway in a safe condition, causing her to fall. Over a year after

the injury, plaintiff's attorney mailed a letter to the General Manager of the Holiday Inn Express, at its address on Crestwood Boulevard, advising that the plaintiff had been injured there and seeking a contact with whom to discuss her claim. Soon thereafter, an insurance adjuster for Zurich Insurance Company, purportedly the premises-liability insurer, began an investigation of plaintiff's claim and a claims representative for Zurich negotiated with her and her attorney for a number of months. When negotiations reached an impasse in May 2001, counsel advised the representative that suit would soon be filed unless an agreement could be reached. The complaint was filed in the Circuit Court of Jefferson County on June 4, 2001, and a courtesy copy of the complaint was mailed to the insurance representative.

The complaint was removed to this court on August 3, 2001. In response to interrogatories from the plaintiff, HII has now sworn that it does not own, operate, manage, or control the operations of the inn in question. Plaintiff amended her complaint on May 20, 2002, to add a new defendant, AAZ, alleging that AAZ was the owner or operator of the inn at the time plaintiff was injured in 1999.[1]

Defendant HII has moved for summary judgment, contending that the undisputed evidence presented in its answers to interrogatories is that it did not own, operate, manage, or control the operations of the premises on which plaintiff was injured in 1999. Further, defendant AAZ has

---

[1] It does not appear that the amendment adding AAZ destroyed the court's diversity jurisdiction. Information from the Alabama Secretary of State indicates that AAZ Birmingham Limited Partnership was created in Delaware. Further, the defendant was served with process at a Chattanooga, Tennessee, address. Thus, it appears the parties remain diverse. Although AAZ seeks dismissal of the complaint on statute of limitations grounds, it has not questioned the court's subject-matter jurisdiction.

moved to dismiss the complaint against it, essentially on statute of limitation grounds, contending that plaintiff did not assert her claim against AAZ within two years after she was injured.

### HII's Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, *answers to interrogatories*, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (italics added). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, *answers to interrogatories*, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)) (italics added). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." Id. at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form

3

necessary for admission at trial; however, she may not merely rest on her pleadings. Celotex, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249 (citations omitted); accord Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must

be sufficient evidence on which the jury could reasonably find for the plaintiff. <u>Anderson</u>, 477 U.S. at 254; <u>Cottle v. Storer Communication, Inc.</u>, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor. <u>Anderson</u>, 477 U.S. at 255. The non-movant need not be given the benefit of every inference, but only of every reasonable inference. <u>Brown v. City of Clewiston</u>, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

Taking the plaintiff's allegations as true, the undisputed facts show that the plaintiff was lawfully and properly present at the Holiday Inn Express on July 3, 1999, when she fell and hurt her knee due to defects or deficiencies in a ramp or walkway on the premises of the inn. The inn premises was affirmatively identified by signs and other markers as a "Holiday Inn Express." Nevertheless, Defendant HII has positively testified by interrogatory answer, unrebutted by plaintiff, that it did not own, operate, manage, or have control over the operations of the inn in question in 1999. Although plaintiff raises the prospect of a franchise contract between HII and the owner/operator of the inn, which might create some duty on the part of HII to inspect and maintain the premises of the inn, no such contract has been produced to the court or otherwise offered into evidence. In short, there is no evidence before the court suggesting that HII had any duty to protect the plaintiff from injury due to defects in the premises of the inn.

The threshold requirement for tort liability is a duty owed to the injured party. Absent a duty, there can be no liability. Businesses owe a duty to invitees to warn of latent dangers, but owe no duty to protect invitees from open, known, or obvious dangers. "The duty owed to an invitee 'is

limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care.'" Ex parte Mountain Top Indoor Flea Market, Inc., 699 So.2d 158, 161 (Ala., 1997)(quoting Harvell v. Johnson, 598 So.2d 881 (Ala.1992)). Further, a third-party, such as a franchisor, may have a duty to the business invitees of another if the third-party has undertaken to inspect business premises for dangers. See, e.g., Cook v. Branick Manufacturing, Inc., 736 F.2d 1442 (11th Cir. 1984). In this case, however, there simply is no evidence that HII either owned or controlled the Holiday Inn Express at which plaintiff was injured, or that it otherwise undertook any duty to inspect the premises for latent dangers. Consequently, HII is entitled to summary judgment on plaintiff's claim.

AAZ's Motion to Dismiss

Defendant AAZ contends in its motion to dismiss that plaintiff's claim against it is barred by Alabama's two-year statute of limitation for personal injury actions. Alabama Code § 6-2-38(l) (1975). Plaintiff rejoins that AAZ was properly added as a defendant by an amendment to the complaint which relates back to the date of the filing of the original complaint on June 4, 2001, about one month before the running of the two-year limitation period.

Rule 15(c) of the Federal Rules of Civil Procedure controls the application of the "relation back" doctrine with respect to amendments in federal court. Saxton v. ACF Industries, Inc., 254 F.3d 959 (11th Cir. 2001)(*en banc*). It states in material part,[2] the following:

---

[2] Another portion of FRCP 15(c) concerns the relation back of amendments affecting the United States, which is not involved in this action.

> **(c) Relation Back of Amendments**. An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

As noted in Saxton, the Rule provides for several ways in which an amendment may relate back to the date of the original pleading. Rule 15(c)(1) allows for relation back under state law rules if the limitation period in question is provided by state law, as it is in this case. Furthermore, Rule 15(c)(3) establishes the "federal" standard for relation back when the limitation period comes from a source other than state law.[3] In this case, all of the claims asserted by plaintiff are grounded in state law and the limitation period is derived from state law. Thus, the court is required to examine the applicability of the relation-back doctrine to plaintiff's amendment adding AAZ under both state and federal law.

---

[3] Rule 15(c)(2), standing alone, deals only with the relation back of amended claims, not amendments adding parties, as is the question presented here. Although it is incorporated as a part of Rule 15(c)(3), it will not be discussed separately.

7

### A. State Law of Relation Back: FRCP 15(c)(1)

The court turns first to Rule 15(c)(1) relation back because both the plaintiff's claim and the asserted limitation period come from state law. Saxton, *supra*. Rule 15(c) of the *Alabama Rules of Civil Procedure* allows for relation back of amendments concerning the naming of parties[4] in three essential ways:

(1) when the law providing the limitation period allows for relation back[5]; or

(2) when an amendment, other than substituting a true name for a fictitious party, adds a party, the claim against that party must arise from the same events or transaction that gave rise to the claims in the original complaint, and, "within the applicable period of limitations or one hundred twenty (120) days of the commencement of the action, whichever comes later, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party,"[6] or

(3) when "relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h)," authorizing substitution of a true name for a fictitiously named defendant.[7]

---

[4] ARCP 15(c)(2), like the federal counterpart, concerns only amendments of claims, not amendments adding or changing parties.

[5] ARCP 15(c)(1).

[6] ACRP 15(c)(3).

[7] ARCP 15(c)(4).

Saxton, at 964. The first of these grounds can be eliminated quickly. Alabama Code § 6-2-38(l) is silent about relation back of amendments and, thus, does not meet the requirements of ARCP 15(c)(1). Davison v. Pogue, 735 So.2d 1240 (Ala. Civ. App., 1999).

The court also agrees that the amendment cannot relate back as a renaming of a fictitious defendant under ARCP 15(c)(4) because plaintiff did not comply with the ARCP 9(h) requirements for naming a fictitious defendant in the original complaint. As the Eleventh Circuit noted in Saxton:

> Thus, under Alabama law, an amendment substituting an actual defendant for a fictitious defendant relates back when:
>
> (1) the original complaint adequately described the fictitious defendant;
> (2) the original complaint stated a claim against the fictitious defendant;
> (3) the plaintiff was ignorant of the true identity of the defendant; and
> (4) the plaintiff used due diligence to discover the defendant's true identity.

Saxton v. ACF Industries, Inc., 254 F.3d 959, 965 (11th Cir. 2001)(*en banc*)(citing Jones v. Resorcon, Inc., 604 So.2d 370, 372-73 (Ala.1992); Ex Parte Stover, 663 So.2d 948, 951 (Ala.1995); Columbia Engineering International, Ltd. v. Espey, 429 So.2d 955, 959 (Ala.1983)). Here, the original complaint failed to state a claim against any fictitious defendant in the body of the complaint, see Sherbert v. SCE, Inc., 678 So. 2d 1115 (Ala. Civ. App. 1996), and the plaintiff did not use due diligence to identify the true name of any fictitious defendant.[8] Although plaintiff now contends that

---

[8] The facts of this case are comparable to those in Crowl v. Kayo Oil Co., ___ So. 2d ___, 2002 WL 31341095 (Ala., Oct. 18, 2002). Here, plaintiff was injured on July 3, 1999, but did not ascertain the name of the true owner of the premises until almost three years later, when she amended the complaint on May 20, 2002. There is no evidence that she checked any business-license or property-tax records during the interim to learn the name of the property owner. She did not ask the manager of the inn for the true name of the inn's owner. Indeed, even though she and

AAZ, not HII, was the owner of the premises on which she was injured, the amendment did not purport to substitute AAZ for a "fictitiously" named HII. Rather, the amendment added AAZ as a defendant *along with* HII. Thus, the amendment was not made under ARCP 15(c)(4) or ARCP 9(h).

The last potential basis for relating back the amendment under state law is ARCP 15(c)(3). Under that provision, an amendment changing party relates back to the date of the original pleading if (1) the claim against the newly-added party arose from the same events and transactions as were the basis of the original pleading, and (2) within 120 days after the commencement of the action, the newly-added party receives notice of the commencement of the action sufficient to avoid prejudice and knows or should know that, but for a mistake as to the identity of the party to be sued, he would have been named as a party. See ARCP 15(c)(3); Davison v. Pogue, 735 So.2d 1240 (Ala. Civ. App., 1999); Board of Water & Sewer Commissioners of the City of Mobile v. McDonald, 56 Ala.App. 426, 322 So.2d 717 (Ala.Civ.App.1975); see also Peacock v. Clay, ___ So.

---

her attorney spent several months negotiating with an insurance representative about her claim (presumably, the insurer knew and insured the actual owner of the premises against whom the claim was being made), one can only infer that she did not ask the insurance representative about the true name of the premises owner, else she would have named that party in the original complaint. As the Alabama Supreme Court stated, the due diligence requirement is intended to reserve fictitious party practice to genuine emergencies, when the name of the party to be sued cannot be ascertained. Without due diligence, the relation-back doctrine overrides statutes of limitation and creates open-ended periods in which to sue. "Rule 9(h) was not meant to allow a party to sit back for almost two years and make only one attempt at learning the defendant's name, and then, failing, simply to list fictitious defendants. This would work a substantial injustice to the defendant and would violate the purpose behind our discovery statutes and our statutes of limitations." Id. at ___ (quoting Bowen v. Cummings, 517 So.2d 617, 618 (Ala.1987)).

10

2d ___, 2001 WL 818503 (Ala. Civ. App. 2001). It does not matter that the amendment works a complete change in the parties, as long as it otherwise meets the requirements of the Rule.[9]

The Alabama case most analogous to this one is Davison v. Pogue, 735 So.2d 1240 (Ala. Civ. App. 1999). In that case, the plaintiff originally sued defendant Carney (along with other defendants), alleging that Carney had injured her in an automobile accident. Ultimately, plaintiff's claim against Carney was dismissed, and 214 days after the filing of the original complaint plaintiff moved to "substitute" defendant Davison for defendant Carney. After first discussing why the amendment to "substitute" Davison for Carney did not come within the provisions of ARCP 9(h) and ARCP 15(c)(4) (because Carney was a real person, and not a fictitious party for whom the plaintiff simply lacked a name), the Alabama Court of Civil Appeals then addressed whether the amendment to add Davison could relate back under ARCP 15(c)(3).[10] Although the Court of Civil Appeals concluded that the requirements of the rule were not met because Davison received no notice of the suit within 120 days after it began, implicit in the analysis is the conclusion that the

---

[9] Unlike an amendment substituting a true name for a fictitious defendant under ARCP 15(c)(4), which is not an amendment changing the parties, Kinard v. C.A. Kelly and Co., Inc., 468 So.2d 133 (Ala. 1985), one made under ARCP 15(c)(3) works an actual *change* in the parties as, in this case, by adding a new defendant. Davison v. Pogue, 735 So.2d 1240 (Ala. Civ. App., 1999).

[10] "Therefore, because the addition of Davison as a defendant amounted to a 'change' of the party against whom Pogue's claim was asserted, the amended complaint naming Davison related back to the date the original complaint was filed only if, within 120 days of the filing of the original complaint, Davison (1) received notice of the institution of the action, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against her. Rule 15(c)(3), Ala.R.Civ.P." Davison v. Pogue, 735 So.2d 1240, 1243 (Ala. Civ. App., 1999)

11

parties can be "changed" by way of ARCP 15(c)(3), even after the applicable statute of limitation has expired, if the other requirements of the rule are met.

Federal case law applying the counterpart to this rule in the *Federal Rules of Civil Procedure* have emphasized that the purpose of Rule 15(c)(3) is to allow a plaintiff to correct a misnomer or misidentification of a defendant. Powers v. Graff, 148 F.3d 1223 (11th Cir. 1998) ("The purpose of Rule 15(c) is to permit amended complaints to relate back to original filings for statute of limitations purposes when the amended complaint is correcting a mistake about the identity of the defendant"); Wayne v. Jarvis, 197 F.3d 1098 (11th Cir. 1999); Itel Capital Corp. v. Cups Coal Co., 707 F.2d 1253 (11th Cir.1983). Thus, where a particular defendant is identified, but is misnamed in the complaint, the correctly named defendant can be added under Rule 15(c)(3) if the notice, prejudice, and mistake requirements of the rule are met. See Itel Capital Corp. v. Cups Coal Co., *supra* (plaintiff amended complaint to add defendant corporation's principal stockholder, Mulvehill, as a defendant because he was aware of suit and knew, but for mistake of plaintiff, that he would have been sued at time of original complaint).

Turning to the application of ARCP 15(c)(3) to this case, it is clear that the claim asserted in the amendment against AAZ arises from the same events and transactions as the claims asserted in the original complaint. It is further clear that plaintiff intended to sue the owner of the premises known to her as the "Holiday Inn Express" on Crestwood Boulevard in Birmingham, Alabama. Before suit, her attorney wrote a letter to the "general manager" of the inn making a claim for plaintiff's injuries. As a result, an insurance investigation commenced and led to several months of negotiations between plaintiff and an insurer purportedly representing the premises owner. When

the negotiations reached an impasse, suit was filed in June 2001. Plaintiff's counsel states in his October 29, 2002, response to the motion to dismiss (but provides no affidavit or other evidence of the fact) that he mailed a courtesy copy of the complaint to the insurance representative with whom he had been negotiating, a fact apparently not disputed by AAZ. The court is satisfied that AAZ was aware of the filing of the complaint almost immediately, given the lengthy insurance-claim negotiations and the delivery of the copy of the complaint to the insurance representative. Moreover, it is clear that AAZ should have known that, but for plaintiff's mistake about the identity of the owner of the Holiday Inn Express, AAZ would have been named as a defendant in the complaint. Plainly, AAZ has suffered no prejudice as a result of the delay in naming it a defendant because it has been aware of the plaintiff's claim against its inn for a long period of time before the filing of suit and it took steps to preserve its defenses by notifying its premises-liability carrier, which began an investigation of the claim. Consequently, the amendment correcting plaintiff's mistake by naming the true owner of the Holiday Inn Express at which she was injured relates back to the date the original complaint was filed on June 4, 2001, under both ARCP 15(c)(3), as referenced by FRCP 15(c)(1), and FRCP 15(c)(3).

### B. Federal Law of Relation Back: FRCP 15(c)(3)

For the reasons already discussed above with respect to ARCP 15(c)(3), and in particular the case of Itel Capital Corp. v. Cups Coal Co., 707 F.2d 1253 (11th Cir.1983), the court also concludes that the amendment relates back under FRCP 15(c)(3), in the same manner it does under Alabama's version of the rule. Thus, under both state law, as referenced by FRCP 15(c)(1), and independently under FRCP 15(c)(3), the amendment to the complaint related back to the date of the original

13

complaint so that the addition of AAZ to correct plaintiff's mistake concerning the owner of the Holiday Inn Express was itself timely and not barred by Alabama's two-year limitation for personal injury actions. AAZ's motion to dismiss the complaint as amended will be denied, and AAZ will be directed to answer the complaint.

A separate order will be entered.

DONE this 9th day of January, 2003.

T. MICHAEL PUTNAM
CHIEF MAGISTRATE JUDGE