FILED
04 JUN 18 PM 1:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ENTERED
JUN 18 2004

SHIRLEY HUDSON, )
       Plaintiff, )
)
vs. ) Case No. CV 01-TMP-1958-S
)
AAZ BIRMINGHAM LIMITED )
PARTNERSHIP, )
)
       Defendant. )

**MEMORANDUM OPINION**

This action is before the court on the motion for summary judgment filed on March 15, 2004, by defendant AAZ Birmingham Limited Partnership. The matter has been fully briefed, and the court has heard oral argument on the issues. The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c); accordingly, the court addresses the merits of the motion for summary judgment in this memorandum opinion.

**I. SUMMARY JUDGMENT STANDARD**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." Id. at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)). When the nonmoving party does not respond, "summary

judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e).

The nonmoving party may not merely rest on her pleadings. Celotex, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

After the plaintiff has had the opportunity to respond to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law." <u>Id</u>. at 251-52; <u>see also</u> <u>Bill Johnson's Restaurants, Inc. v. N.L.R.B.</u>, 461 U.S. 731, 745 n.11 (1983).

## II. UNDISPUTED FACTS

Viewing the evidence in the light most favorable to the nonmoving party, as this court must for purposes of summary judgment, the facts pertinent to defendant's motion for partial summary judgment appear to be as follows. The plaintiff, Shirley Hudson, was injured in the parking lot of a Holiday Inn Express hotel that was owned at the time by the defendant. She was not a registered guest of the hotel, but was visiting and went out to dinner with Goerge Gerdes, who was a registered guest at the hotel. After they ate dinner at a nearby restaurant, the two returned to Gerdes' hotel room. When they arrived at the hotel before dark, Gerdes and the plaintiff walked up a concrete ramp that was used to provide handicapped access from the parking lot to the ground floor of the hotel. The two left the hotel again at about 10:00 p.m., after dark. Upon leaving and walking down the ramp, Hudson slipped on the ramp and fell, injuring her knee. Hudson has testified that the area was not well lit, but that she could see the ramp when she walked on it, and had seen the ramp when she arrived at the hotel earlier in the evening. An expert witness retained by the

4

plaintiff has testified that the construction of the ramp does not meet applicable building codes in effect in 1997 and 1999, although it is not known when the ramp was constructed. The expert further has stated that the slope on the area of the ramp where plaintiff fell "exceeds the applicable maximum slope tolerance" and constitutes a "tripping hazard." The plaintiff's expert has testified that the ramp is 5.75 inches high at the end at which it abuts the curb and 47.5 inches long from the top to the bottom. Mathematically, this calculates to an angle of decline of seven degrees.[1]

### III. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The defendant seek summary judgment on the following grounds: (1) that plaintiff has failed to demonstrate that the defendant breached its duty to plaintiff under Alabama's premises liability law because the plaintiff was a licensee; and (2) that, even if the

---

[1] One can calculate the angle of decline by applying the Pythagorean Theorem to the right triangle of the ramp. Its upright leg is 5.75 inches high and the hypotenuse of the angle, the face of the ramp declining from the curb to the street, is 47.5 inches long. Using the trigonometric function of sine for the angle opposite the upright leg (5.75 ÷ 47.5 =.12105), sine.12105 is approximately 7°. Because the ramp is a right angle, the angle opposite the upright leg is the same as the angle of decline from the top of that leg. Hence the ramp declines from the top of the curb to the street at an angle of about 7 degrees. For a trigonometric table showing the angle values for various sines, see www.sosmath.com/tables/trigtable/trigtable.html, which shows that a sine of .12187 is precisely 7 degrees. Thus, a sine of .12105 is very, very slightly less than 7 degrees.

plaintiff was an invitee, the dangerous condition of the ramp was open and obvious and defendant had no duty to warn plaintiff of the danger.

### A. Plaintiff's Status as Invitee or Licensee

Under Alabama law, a plaintiff asserting a claim of negligence must prove the existence of a legal duty by the defendant, a breach of that duty, proximate cause, and a resulting injury. See Franks v. Bolden, 774 F.2d 1552, 1555 (11th Cir. 1985). The legal duty owed to the plaintiff in a case involving premises liability depends upon the class of persons to which the plaintiff belongs: invitee, licensee, or trespasser. See Graveman v. Wind Drift Owners' Association, Inc., 607 So. 2d 199, 203 (Ala. 1992). An invitee is one who enters the premises by permission and bestows a commercial benefit on the owner or occupier of the premises. See Boyd v. Sears Roebuck and Co., 642 So. 2d 949, 950 (Ala. 1994). A licensee generally is defined as one who enters the landowner's premises with permission, but with no business purpose, such as a social guest. See, e.g., Hambright v. First Baptist Church-Eastwood, 638 So. 2d 865 (Ala. 1994).

The duty a landowner owes an invitee is well established: under Alabama law, the owner must exercise reasonable care and diligence to keep the premises in a safe condition or, if the

premises are unsafe, to give sufficient warning so that an invitee may avoid the danger by exercising reasonable care. <u>Ex parte Industrial Distribution Services Warehouse, Inc.</u>, 709 So. 2d 16, 19 (Ala. 1997). An owner is not an insurer of the safety of its invitees, and the mere fact of an injury to an invitee does not give rise to a presumption of negligence. <u>Ex parte Potmesil</u>, 785 So. 2d 340, 342 (Ala. 2000). Generally, the duty extends only to hidden defects or dangers, and not to a danger that is open or obvious. <u>Ex parte Neese</u>, 819 So. 2d 584, 589-90 (Ala. 2001). The basis of an owner's liability to an invitee rests upon the owner's superior knowledge; accordingly, where the owner has no superior knowledge, as when the danger is obvious to all alike, the owner is not liable for injuries it might cause. <u>Id</u>. It then follows that the owner has no duty to warn of hazards that are not known to it or that should not have been noticed through the exercise of reasonable care. <u>See, e.g.</u>, <u>General Motors Corp. v. Hill</u>, 752 So. 2d 1186, 1187 (Ala. 1999).

The duty owed by a landowner to an invitee is the highest duty owed under the law. A lesser duty is owed to a licensee. The duty owed to a licensee "is twofold: 1) to abstain from willfully or wantonly injuring the licensee, and 2) to avoid negligently injuring the licensee after the landowner discovers a danger to the licensee." <u>Graveman v. Wind Drift Owners' Association, Inc.</u>, 607 So. 2d 199, 203 (Ala. 1992).

7

In this case, both parties agree that if the plaintiff was a licensee, the defendant must prevail because there is no evidence that the landowner willfully or wantonly injured the plaintiff, or failed to avoid negligently injuring her after discovering a danger presented by the ramp. Relying on <u>Graveman</u> and other Alabama cases dealing with social guests, the defendant asserts that plaintiff was a licensee. The plaintiff argues, however, that she should be deemed an invitee. She argues that the "business purpose" element is not dispositive, and relies upon Alabama case law in which guests of patients in a hospital have been deemed to be invitees. <u>See, e.g.</u>, <u>Woodward v. Health Care Authority of the City of Huntsville</u>, 727 So. 2d 814 (Ala. 1998); <u>Wooten v. Houston County Health Care Authority</u>, 681 So. 2d 149 (Ala. 1996).

The court finds no Alabama authority that specifically answers the question of whether a social guest of a registered guest at a hotel is an invitee or a licensee. The court does find, however, that the Alabama Supreme Court clearly has determined that a social guest of a registered guest at a beach condominium complex is a licensee. In <u>Graveman</u>, the property at issue was a condominium complex at Perdido Key; the injured plaintiff was a "social guest at the condominium complex." 607 So. 2d at 201. The court did not specifically state that the condominium complex operated like a hotel by offering vacation rentals to the public, but the court judicially knows that many, if not most, beachside condominiums in

8

that area rent their units in the same fashion as would a hotel. The court in <u>Graveman</u> did, however, refer to the friend the plaintiff was visiting as a "registered guest," which implies that the friend was similar to a hotel guest and not an owner or long-term tenant of the condominium unit. Plaintiff's counsel in that case argued that the injured girl was an invitee, but the court stated that the plaintiff was "visiting a friend who was a registered guest" at the condominium complex, and as such was a "social guest" and would be deemed a licensee. <u>Graveman</u> strongly suggests that the social guest of a registered hotel guest must be accorded the status of a licensee under Alabama law.

    The court is not persuaded to find otherwise by Alabama cases that treat a nonbusiness social visitor to a hospital as an invitee. In <u>Wooten</u>, the Alabama Supreme Court specifically held that hospital visitors are invitees. 681 So. 2d at 150-51. In a concurring opinion, Chief Justice Hooper commented that the earlier hospital cases relied upon by the majority did not involve a "nonbusiness visitor," and that the court in <u>Wooten</u> was deciding for the first time that a social visitor to a hospital should be deemed an invitee. Two years later, in <u>Woodward</u>, the Alabama Supreme Court again held that a person visiting the hospital to see a patient was an invitee. 727 So. 2d at 815. This court finds no instance, however, in which that rule has been expanded to include any other type of social guest or nonbusiness visitor. Hospitals,

9

by the very nature of their business, expect visitors to come onto their land. Hospitals establish visiting hours for these guests, construct reception rooms and waiting areas for them, provide information booths to assist visitors who wish to inquire about patients, construct parking decks specifically for visitors, and offer cafeteria and vending facilities for the convenience of visitors. Hotels, on the other hand, generally provide facilities primarily for registered guests. While hotels may know that social guests come and go, most hotel facilities, from parking lots to vending machines, are designed to service the registered guests. Use of other amenities, such as pools or exercise rooms, often is exclusively for registered guests.

The court finds that whatever logic there may be in expanding the definition of an invitee to include the nonbusiness social guest of a hospital patient does not extend to the situation at hand, and that there is no precedent upon which this court may rely in doing so. Accordingly, the court finds that Hudson, as a social guest of a registered guest of the hotel owned by the defendant, was a licensee and not an invitee.

Because the plaintiff has failed to allege, must less demonstrate, that the defendant willfully or wantonly injured her, her claims under the first prong of the liability test cannot survive the defendant's well-supported motion for summary judgment. Furthermore, there is no allegation that the defendant negligently

10

injured the plaintiff after the defendant discovered a danger to the licensee. Accordingly, there is no genuine issue of any material fact as to whether the landowner breached its duty to plaintiff as a licensee, and the motion for summary judgment is due to be granted.

### B. Notice of Danger or Defect

The motion for summary judgment is due to be granted for the reasons set forth above. The court notes, however, that even if the plaintiff were deemed an invitee, summary judgment still would be appropriate.

It is well settled under Alabama law that an invitee seeking to recover for a slip-and-fall injury must demonstrate that the fall was "caused by the defect ... located on the premises as a result of the owner's negligence of which the owner had or should have had notice at the time of the accident." Massey v. Allied Products Co., Inc., 523 So. 2d 397, 398 (Ala. 1988); see also, Brown v. Autry Greer and Sons, Inc., 551 So. 2d 1049 (Ala. 1989). The duty of the defendant landowner to an invitee is "to use reasonable care and diligence to keep the premises in a safe condition or, if the premises were in a dangerous condition, to give sufficient warning so that an invitee might avoid danger by the use of ordinary care." Woodward, 727 So. 2d at 816.

11

The parties have argued that the issue of whether the defendant may be liable if plaintiff was an invitee revolves around a determination of whether the defect or danger was hidden or "open and obvious." Under Alabama law, the premises owner has "no duty to warn an invitee of open and obvious defects in the premises, which the invitee is aware of or should be aware of through the exercise of reasonable care. Woodward, 727 So. 2d at 816. In Woodward, as in the instant case, the plaintiff was injured when she fell on a wheelchair ramp that had been cut into the sidewalk. The plaintiff in Woodward did not see the ramp, which was not painted in a contrasting color or otherwise marked. The plaintiff in Woodward offered expert testimony to show that the failure to paint the ramp in a contrasting color was a violation of regulations, and that the regulations were designed to "make [the ramp] visible." Woodward was on the premises for the first time when she fell, and testified that she did not know of the existence of the ramp and could not have appreciated any danger presented by it. In Woodward, the Alabama Supreme Court reversed the trial court's order granting the defendant landowner's motion for summary judgment, noting that "questions of openness and obviousness of a danger and the invitee's knowledge are generally not to be resolved on a motion for summary judgment." Id. at 816.

In this case, however, the plaintiff knew of the existence of the ramp, and could have appreciated the danger posed by the

12

different levels of the concrete. She had walked on the ramp just a few hours before she fell. The ramp was painted a color that contrasted with the surrounding concrete. The plaintiff argues that it was not "open or obvious" to her that the ramp was not in compliance with the building code. This argument misses a central point: To overcome any well-supported motion for summary judgment, the plaintiff must come forward with evidence that the defendant breached its duty, and that the breach caused the injury. In this case, the plaintiff has failed to meet that burden. Plaintiff has offered expert testimony that the ramp was not constructed in accordance with 1997 or 1999 codes, but there is no evidence that the code sections cited apply to the ramp at issue. There is no testimony or evidence as to when the ramp was constructed or whether it complied with building codes at the time of its construction.

Further, there is no testimony as to whether the code sections cited are designed to protect those walking over the ramps or relate to other purposes. If the purpose of the code section relating to the steepness of the ramp is to facilitate wheelchair access, for example, a violation of that code section would not constitute evidence that the ramp was unsafe to a person walking over it. The plaintiff in this case has not offered any testimony as to the purpose of the code sections plaintiff alleges were violated.

13

Moreover, there is no evidence that the defendant, who is not alleged to have constructed the ramp or to have owned the hotel when the ramp was constructed, had knowledge or notice that the ramp was a safety hazard or that it failed to comply with any building code. There is no evidence that any other hotel guest or social guest ever fell on the ramp, or that the defendant had or should have had any knowledge that the ramp posed a danger. There is no evidence that a reasonable hotel owner would have inspected the ramp more closely, or that the defendant failed to use "reasonable care and diligence" to maintain the premises in a safe condition. If the court were to deny the instant motion for summary judgment without further proof from the plaintiff, the court would be allowing the "mere fact" that a plaintiff was injured to suffice as evidence of a breach of duty and of causation.

In sum, the plaintiff, even if deemed to be an invitee, has failed to demonstrate that the defendant breached its duty to keep the premises reasonably safe, or that any alleged defect in the ramp was the cause of plaintiff's injury. Consequently, the motion for summary judgment on the plaintiff's negligence claim is due to be granted even if the plaintiff were deemed to be an invitee under Alabama law.

## IV. CONCLUSION

Accordingly, consistent with the foregoing discussion of the evidence presented by defendant in support of the motion for summary judgment and plaintiff's submission in opposition, this court determines that defendant's motion for summary judgment (court document #55) against plaintiff is due to be GRANTED and plaintiff's claims are due to be DISMISSED WITH PREJUDICE.

A separate order will be entered in accordance with the findings set forth herein.

DATED the 18th day of June, 2004.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

15